

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-89,128-01

**EX PARTE STEVEN THOMAS, Applicant**

### APPLICATION FOR A WRIT OF HABEAS CORPUS
### IN CAUSE NO. 739545-A IN THE 180TH DISTRICT COURT
### HARRIS COUNTY

**YEARY, J., filed a concurring opinion.**

### <u>CONCURRING OPINION</u>

Today the Court overrules *Moon v. State*, 451 S.W.3d 28 (Tex. Crim. App. 2014). We originally filed and set this case to consider the cognizability of a claim that a juvenile court's order transferring a child's case to adult criminal court was deficient, under this Court's opinion in *Moon*, as well as to determine whether, in the event that such a claim was cognizable, *Moon* should be applied retroactively to nullify a conviction that was final many years before *Moon* itself was decided. *See Ex parte Thomas*, No. WR-89-128-01, 2019 WL 361675, at *1 (Tex. Crim. App. Jan. 30, 2019) (order, not designated for publication) ("The parties shall brief whether this Court's opinion in *Moon* provides a ground for relief that is cognizable on post-conviction habeas corpus, and whether *Moon*

should apply retroactively."). But the Court does well to simply overrule *Moon*, and I therefore concur in its judgment.

The Court could have adhered more closely to the issues it actually proposed to review. If it had taken that route, it might have written an opinion concluding that Applicant's *Moon* claim was not cognizable in post-conviction habeas corpus proceedings. After all, even if a *Moon*-deficient transfer order ultimately impacted the jurisdiction of the criminal courts, whether a transfer order was defective was still—at least for offenses committed prior to 1996 (as Applicant's was)—a question of civil law, for appeal in the civil appellate courts. *See* Acts 1973, 63rd Leg., ch. 544, § 1, p. 1483, eff. Sept. 1, 1973 (codifying the former version of TEX. FAM. CODE § 56.01).[1] A juvenile offender who believed there was a defect in the transfer order that certified him to stand trial in an adult criminal court would have been expected to immediately appeal that order in the civil courts to secure his remedy, perhaps culminating in discretionary review in the Texas Supreme Court. *See* Acts 1991, 72nd Leg., ch. 680, § 1, p. 2466, eff. Sept. 1, 1991 (amending Section 56.01(a) to provide that "an appeal from an order of a juvenile court is to a court of appeals and the case may be carried to the Texas Supreme Court by writ of

---

[1] It is worth observing that, in 1995, the Legislature changed the appellate scheme for appeals from a juvenile court's transfer order, requiring a challenge to such an order to be made only after conviction in an appeal from a criminal judgment. *See* Acts 1995, 74th Leg., ch. 262, §§ 48, 85, 105 & 106, pp. 2546, 2584 & 2590–91, eff. Jan. 1, 1996 (enacting TEX. CODE CRIM. PROC. art. 44.47, providing that an appeal from a juvenile court's transfer order "is a criminal law matter" that may be appealed "only in conjunction with the appeal of a conviction of the offense for which the defendant was transferred to criminal court[,]" and making the change applicable "only to conduct that occurs on or after January 1, 1996"). Then, in 2015, the Legislature changed the scheme again, requiring appeal of a transfer order again to be brought in an immediate civil appeal. *See* Acts 2015, 84th Leg., ch. 74, §§ 2–4, pp. 1065–66, eff. Sept. 1, 2015 (repealing Article 44.47); TEX. FAMILY CODE § 56.01(c)(1)(A).

error or upon certificate, as in civil cases generally"). Because Applicant failed to avail himself of the appropriate civil appellate remedy, we might have concluded that he could not expect to obtain relief in a post-conviction application for writ of habeas corpus in this Court.

But that would have only left for another day the more glaring reason that the relief sought by Applicant in this Court should be denied. And it would have left the dead weight of a bad precedent to continue burdening the system of criminal justice in our State. The Court is right to overrule *Moon* because it was demonstrably wrong about what Section 54.02 of the Texas Family Code requires. TEX. FAM. CODE § 54.02. I would not hesitate over the decision to do so on account of the court-made doctrine of *stare decisis*, which is compelled neither by constitution nor statute.

Justice Thomas of the United States Supreme Court recently explained in a concurring opinion how the "typical formulation of the *stare decisis* standard does not comport with our judicial duty . . . because it elevates demonstrably erroneous decisions— meaning decisions outside the realm of permissible interpretation—over the text of the Constitution and other duly enacted federal law." *Gamble v. United States*, 587 U.S. ___, 139 S.Ct. 1960, 1981 (2019) (Thomas, J., concurring). Justice Thomas focused, of course, on judicial duties under Article III of the United States Constitution because that is the source of the powers exercised by the federal judiciary. *Id*. But his comments have even clearer application to the duties of judges in Texas, whose powers are derived from our own, different, and in some ways even more restrictive state constitution. *See* TEX. CONST. ART. V, § 1 ("The judicial power of this State shall be vested in one Supreme Court, in one Court of Criminal Appeals, in Courts of Appeals, in District Courts, in County Courts, in

Commissioners Courts, in Courts of Justices of the Peace, and in such other courts as may be provided by law.").

Unlike the federal constitution, our state constitution explicitly deprives our courts of the authority to exercise powers delegated exclusively to other departments of government. *See* TEX. CONST. ART. II, § 1 ("[N]o person, or collection of persons, being of one of these departments, shall exercise any power properly attached to either of the others, except in the instances herein expressly permitted."). There are no circumstances in which our power to construe the law includes a power to change it. The power to make (and so to change) the law resides exclusively in our Legislative Department. TEX. CONST. ART. III, § 1 ("The Legislative power of this State shall be vested in a Senate and House of Representatives, which together shall be styled 'The Legislature of the State of Texas.'"). So, it is much clearer in Texas that judges should exercise what Justice Thomas describes as "mere judgment" in deciding cases. *Gamble*, 139 S.Ct. at 1981 (Thomas, J., concurring) ("We should restore our *stare decisis* jurisprudence to ensure that we exercise 'mer[e] judgment,' which can be achieved through adherence to the correct, original meaning of the laws we are charged with applying.") (internal citations omitted).

It is no less than "[o]ur judicial duty" to apply the original meaning of the authoritative texts we interpret at every turn. *See id*. at 1989 (Thomas, J., concurring) ("Our judicial duty to interpret the law requires adherence to the original meaning of the text."). That still leaves room for respect for and deference to opinions written by judges who came before us, particularly when there is no reason to suspect that those opinions have failed to properly construe the authoritative texts that guided them. After all, we should always presume the good faith of judges who have come before us. And in a hierarchical system

like the judiciary, a higher court's authority over lower courts must be honored and respected. There may well be other reasons to afford due respect and deference to judicial precedents. But judicial precedents are not "the law itself," and judges in both our American and Texas constitutional systems are not law makers, they are judgment makers, and thus our continued adherence to a "multifactor approach to *stare decisis* invites conflict with [our] constitutional duty." *Id*. at 1988 (Thomas, J., concurring). Our constitutional oath makes clear that our duty to "the Constitution and laws" precedes any responsibility we may have to honor our precedents. TEX. CONST. ART. XVI, § 1(a) ("'I, _____, do solemnly swear (or affirm), that I will faithfully execute the duties of the office of _____ of the State of Texas, and will to the best of my ability *preserve, protect, and defend the Constitution and laws of the United States and of this State*, so help me God.'") (emphasis added).

I respectfully concur.

FILED:                    March 31, 2021
PUBLISH